Argued May 4, affirmed September 23, petition for rehearing denied
October 12, 1976

# SAFECO INSURANCE COMPANY, *Respondent,*

## *v.*

# LESLIE et al, *Appellants.*

554 P2d 469

*David C. Glenn,* Madras, argued the cause for appellant John Leslie. With him on the briefs were Rodriguez & Neilson.

*Gordon W. Stewart,* Madras, argued the cause for appellant Junior L. Walden. With him on the briefs was Douglas A. Shephard.

*Donald J. Friedman,* Portland, argued the cause for respondent. With him on the brief were Black, Kendall, Tremaine, Boothe & Higgins.

Before O'Connell,* Chief Justice, and McAllister, Denecke,** Tongue, and Bryson, Justices.

McALLISTER, J.

---

*Chief Justice when case was argued.
**Chief Justice when case was decided.

**McALLISTER, J.**

This is a declaratory judgment proceeding filed by Safeco Insurance Company to determine whether it is liable under its homeowner's policy for damages resulting from the accidental discharge of a handgun owned by its insured John Leslie. The trial court found that the accident was excluded from the coverage of the policy. The defendant John Leslie and the injured party, defendant Junior L. Walden, appeal.

On the evening of February 18, 1972 defendant John Leslie took a loaded .357 magnum revolver to the service station where he worked part time as attendant. He placed the revolver under his coat in the supply room, which was fifteen to twenty feet away from the office portion of the station and was separated from it by the lube room and two sliding doors. The owner of the service station was present, although Leslie usually worked alone on Friday evenings.

Junior L. Walden, a truck driver for the same employer, went into the supply room in the course of his work to get some boxes. He accidentally knocked the gun to the floor and it discharged, wounding him.

After Walden brought an action for damages against Leslie and his employer, Safeco brought this proceeding, contending that it is not liable for Leslie's defense nor for damages from the accident.

The issue on appeal is whether coverage of this accident is excluded under the following clause of Leslie's homeowner's insurance policy issued by Safeco:

"This policy does not apply:
"1. Under Coverage E — Personal Liability * * *
* * * * *

"d. to bodily injury or property damage arising out of business pursuits of any insured except activities therein which are ordinarily incident to non-business pursuits;
* * *"

"Business" is defined in the policy as a "trade, profes-

sion or occupation." Under this definition, Leslie's work as gas station attendant constituted a business pursuit.[1]

■ This court has uniformly held that declaratory judgment proceedings to determine coverage under insurance policies are legal in nature rather than equitable and that we are bound by the findings of the trial court in such a proceeding if they are supported by any substantial evidence. *Hartford v. Aetna/Mt. Hood Radio,* 270 Or 226, 229, 527 P2d 406 (1974), and cases cited therein.

The evidence was conflicting as to Leslie's purpose in having the handgun with him at work. There was testimony that he was a gun enthusiast who always carried a gun with him wherever he went and that there was no special business purpose in his having the gun at the station. There was also testimony that Leslie had stated that he had wanted a gun at the service station to protect the large amounts of cash which accumulated at the station on Friday nights.

■ The crucial question in this case is one of fact. Why did Leslie take the gun to the station on the evening of February 18, 1972 when Walden was injured? The trial court concluded that Leslie had the gun at the station in connection with his business pursuits and not incident to his nonbusiness pursuits so that the accident was not covered by the policy. Although other conclusions might be drawn from the evidence, there is substantial evidence to support that determination and we are bound by it.

The trial court's judgment is affirmed.

---

[1] This is a standard clause in general homeowners' liability policies and there has been considerable litigation concerning its interpretation and application. See 48 ALR3d 1096 (1973); Frazier, "The 'Business Pursuits' Exclusion in Personal Liability Insurance Policies," 1970 Ins L J 519. The reported cases include a variety of holdings, none of which are directly applicable in this case.