Argued March 21, affirmed May 15, reconsideration denied June 28, petition for review allowed October 17, 1978, 284 Or 80a

## DOUGLAS COUNTY, *Appellant,*
### *v.*
## BRIGGS et ux, *Respondents.*
### (No. 76 2052, CA 9099)
578 P2d 1261

Paul Nolte, County Counsel, Roseburg, argued the cause and filed the briefs for appellant.

Gordon G. Carlson, Roseburg, argued the cause and filed the brief for respondents.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

## TANZER, J.

The issue in this declaratory judgment proceeding is whether Douglas County's decision to eliminate all access from defendant's property to an abutting county road is a taking for which compensation must be paid.[1] The circuit court concluded that a compensable taking had occurred and entered judgment for defendants. The county appeals, contending that the elimination of access was an exercise of police power.

Defendants own two adjacent parcels of land which lie between and abut two parallel county roads. Valley View Drive, which is to the south of defendants' property, is a paved two-lane road. Garden Valley Boulevard (Boulevard), to the north of defendants' property, is a four-lane paved highway especially designed for through traffic. (*See* diagram.) The Boulevard was constructed in 1964, at which time a portion of defendants' property was condemned for right-of-way.

Defendants have resided on their property for 25 years. During this time, the only access to their land has been from Valley View Drive. Although defendants did not build an access road from the Boulevard when it was constructed, the county provided a gatepost for this purpose at the location selected by defendants. The property is presently used for residential and farming purposes, but the highest and best use, at least for that portion of the land which abuts the Boulevard, is for commercial purposes.

In 1973, the county adopted a resolution declaring the Boulevard to be a throughway. This action, which

---

[1] Article I, section 18 of the Oregon Constitution provides:

"Private property shall not be taken for public use, nor the particular services of any man be demanded, without just compensation; nor except in the case of the state, without such compensation first assessed and tendered; provided, that the use of all roads, ways and waterways necessary to promote the transportation of the raw products of mine or farm or forest or water for beneficial use or drainage is necessary to the development and welfare of the state and is declared a public use."

[ 412 ]

effectively eliminated the possiblity of access to defendants' land from the Boulevard, was taken pursuant to ORS 374.420, which provides:

"(1) The county court or board of county commissioners may acquire by purchase, agreement, donation or exercise of the power of eminent domain, fee title or any interest in real property, including easements of air, view, light and access, which is necessary for the construction of a throughway or the establishment of a section of an existing county road as a throughway.

"* * * * *

"(3) 'Throughway,' as used in this section, means a proposed or existing county road especially designed for through traffic, which has been designated by resolution of the county court or board of county commissioners as a throughway, over, from or to which owners or occupants of abutting land or other persons have no easement of access or only a limited easement of access, light, air or view, merely because of the fact that their property abuts upon the throughway or for any other reason."

The owner of land abutting a conventional road or highway[2] has a common law right of access to his property from that road. *McGowan v. City of Burns,* 172 Or 63, 75, 137 P2d 994, 139 P2d 785 (1943); *Lowell et al. v. Pendleton Auto Co.,* 123 Or 383, 395, 261 P 415 (1927). Such an easement of ingress and egress is a property right which the government may not extinguish without just compensation. *State Highway Com. v. Burk et al.,* 200 Or 211, 228, 265 P2d 783 (1954); *Sweet et al. v. Irrigation Canal Co.,* 198 Or 166, 254 P2d 700, 256 P2d 252 (1953); *Morris v. City of Salem et al.,* 179 Or 666, 673, 174 P2d 192 (1946); 2 Nichols, Eminent Domain, § 5.72[1] (1976). In empowering counties to designate existing roads as throughways, the legislature recognized the integrity of abutters' access rights by providing that counties could acquire such rights "by purchase, agreement, donation, or

---

[2]Abutters' access rights do not attach to highways which are designated as throughways at the time of their initial construction. ORS 374.420(2); *State Highway Com. v. Burk et al.,* 200 Or 211, 228-29, 265 P2d 783 (1954).

exercise of the power of eminent domain." ORS 374.420(1).

■   Although the foregoing principle is well-settled, it is qualified by the government's police power. In order to protect the public safety, convenience and welfare, a governing body may qualify or restrict an abutting landowner's right of ingress and egress on a public street. Such restrictions do not constitute a taking so long as an adequate means of access remains available to the abutting property owner. *Oregon Investment Co. v. Schrunk,* 242 Or 63, 73, 408 P2d 89 (1965); 2 Nichols, Eminent Domain, § 5.72[1] at 5-164 (1976).

■   When restrictions on access are imposed, whether or not adequate access remains available is a question of fact which must be determined in light ot the highest and best use of the affected property. 2 Nichols, Eminent Domain, § 5.72[1] at 5-165 (1976). Thus, in this case, the decisional issue is whether, with access to defendants' property from the Boulevard foreclosed, there remains an adequate alternative access for commercial use of the property. The circuit court concluded that, although the existing access from Valley View Drive was adequate for residential and farming purposes, the only adequate commercial access to defendants' property was from the Boulevard. The evidence supporting this conclusion is not only substantial, but compelling.[3] Accordingly, we affirm the trial court's holding that the county's denial

---

[3]Whether a declaratory judgment proceeding is legal or equitable depends upon the nature of the underlying claim and the nature of the relief sought. *Lindsey v. Dairyland Insurance Co.,* 278 Or 681, 688, 565 P2d 744 (1977); *Hartford v. Aetna/Mt. Hood Radio,* 270 Or 226, 229, 527 P2d 406 (1974). This case is in the nature of a condemnation action and is thus an action at law. ORS 35.225. Accordingly, we are bound by the factual findings of the trial court if they are supported by substantial evidence. *Safeco Ins. Co. v. Leslie,* 276 Or 221, 554 P2d 469 (1976). As noted in the text, we find that the evidence supporting the trial court's conclusion is compelling. On de novo review we would reach the same result as the trial court. Therefore, in this case the distinction between equitable and legal appellate review is inconsequential.

of access to defendants' property from the Boulevard was a compensable taking.

Affirmed.