# DOUGLAS COUNTY, *Petitioner,*
## *v.*
## BRIGGS, et ux, *Respondents.*
### (No. 76 2052, CA 9099, SC 25859)
#### 593 P2d 1115

Paul Nolte, County Counsel, Roseburg, argued the cause and filed briefs for petitioner.

Gordon G. Carlson, Roseburg, argued the cause and filed the brief for respondents.

Before Holman, Presiding Justice, and Tongue, Howell, Bryson,** Lent, and Linde, Justices.

HOLMAN, J.

---

**Bryson, J., did not participate in the decision of this case.

**HOLMAN, J.**

Douglas County brought a declaratory judgment proceeding to determine whether it was required to compensate defendants for loss of access from defendants' property to an established abutting county road which had been converted by the county into a throughway. The trial court concluded that severing defendants' rights of access constituted a compensable taking and entered judgment for defendants. The Court of Appeals affirmed the judgment upon the basis that an easement of ingress and egress is a property right which government may not extinguish without just compensation and that ORS 374.420(1) was merely a recognition of that pre-existing right. 34 Or App 409, 578 P2d 1261 (1978). This court granted review.

The action by the county establishing the county road as a throughway was taken pursuant to ORS 374.420 which provides, in part, as follows:

> "(1) The county court or board of county commissioners *may acquire by purchase, agreement, donation or exercise of the power of eminent domain,* fee title or *any interest in real property, including easements of* air, view, light and *access, which is necessary for* the construction of a throughway or *the establishment of a section of an existing county road as a throughway.*
>
> "\* \* \* \* \*.
>
> "(3) *'Throughway,'* as used in this section, *means a* proposed or *existing county road especially designed for through traffic, which has been designated* by resolution of the county court or board of county commissioners *as a throughway, over, from or to which owners or occupants of abutting land* or other persons *have no easement of access* or only a limited easement of access, light, air or view, merely because of the fact that their property abuts upon the throughway or for any other reasons." (Emphasis added.)

■ The statute does not specifically provide that counties must compensate property owners whose rights of access to adjacent county roads are terminated. However, it provides limited means by which counties may extinguish easements of access upon establishment of a throughway. The specified means of acquisition indicate that the property owner must agree to the termination of his rights of access unless the county acquires the right by condemnation. This, in turn, suggests that the rights of access cannot be terminated except by payment unless they are donated to the county by the property owner. In the event of an ambiguous statute, such as we have here, it is proper to look at the legislative history in an endeavor to clarify that which the legislature intended.

A perusal of the legislative history shows clearly that the legislature intended that property owners be compensated for the termination of their rights of access upon the conversion of an ordinary county road into a throughway. ORS 374.420 was enacted in 1965.[1] The original version was incorporated in House Bill 1067 and was entirely different from the statute which was ultimately enacted. The original bill provided

"* * * [n]o right in any county road, including the right of access, shall accrue to any part of any real property abutting upon a county road merely because it abuts on the county road."

This version of the bill was defeated on the House floor after Rep. Skelton made the following observation:

"Now as I read this bill * * * it may take from some property owners an important vested right of access without condemnation. And if it does this, then I suggest that it is in contravention of the constitution. * * * If it does take from owners the right of access without compensating them, then I suggest that we've got a serious constitutional question involved. * * *." House Floor debate on HB 1067, 53rd Or Leg Ass'y (Jan 28, 1965), tape 4, side 1.

[1] Oregon Laws 1965, ch 364, § 1.

The bill was referred to the House Committee on Local Government which substituted the language which is now subsection (1) of ORS 374.420. When the amended bill came up in the House of Representatives for floor debate, the following discussion occurred:

"(Rep. Bedingfield): '[T]he wording has been redone * * * . The purpose of it is to permit condemnation by the counties of access and other rights pertaining to real property on which these specialized highways need to be built. There is complete payment for any right taken, including the right of access, similar to highways that are now constructed by the State Highway Commission.

" '* * * * * *.

" 'If the * * * county is granted authority under this [bill], they can completely block access, but they must pay for it. They also, of course, can eliminate or reduce the * * * expense problem by providing other access, as the Highway Commission does.'

"(Rep. Bateson): 'But they may not extinguish this right of access without full payment and full compensation for knocking out that right?'

"(Rep. Bedingfield): 'That's right. But they can minimize it by providing substitute access.' " House Floor Debate on HB 1067, 53rd Or Leg Ass'y (Mar 25, 1965), tape 20, side 2.

When the amended bill came to the Senate, we find the following before the Senate Committee on Local Government:

"(Ward Armstrong): 'The House Local Government Committee felt there was an advantage to have this bill on the books, but they couldn't solve the problem of changing a road already in existence. There have been literally hours spent on this bill improving the wording. *This bill now does what we need to have done—by protecting the people on the road.* The way it is now, the county could construct a brand new road or they could take a currently existing county road and purchase the access to it, and they would have to pay for it. The county would have to decide this should be a limited access throughway. We feel in the major urban counties for

[155]

the purpose of safety, to facilitate traffic on certain county roads, it is important that we have this authority for limited access roads. *It will be expensive to do this, and only those roads in counties where there is a tremendous amount of traffic and only where the county is willing to spend the sums to purchase the rights of way will this law be used.* Much of this language, as it appears now in the engrossed bill, was taken from the Highway Department's section and this is true for example of section 1. Section 2 we have amended and your amendments to the engrossed bill solve a particular problem that now exists in your section 2. Section 2 as worded in your engrossed bill, didn't completely protect the people's right because the county could go down the road and purchase a small part of the road and limit access to the complete road. That is the reason for the amendment to the corrected engrossed bill as it reads now. *A number o.f attorneys have looked at this—on no county road can you limit the access unless you purchase the access rights.' "* Hearings on HB 1067 before the Senate Comm. on Local Government, 53rd Or Leg Ass'y (Apr 13, 1965), Min at 3. (Emphasis added.)

No tapes were made of Senate floor debates during the 1965 session.

■■ There can be no doubt about the legislative intent in view of the above comments. We hold that ORS 374.420 requires the county to pay property owners for the loss of their rights of access when an established county road adjacent thereto is made into a throughway. Constitutional issues should not be decided when there is an adequate statutory basis for decision. Therefore, we take no position one way or the other whether Article I, section 18, of the Oregon Constitution[2] mandates payment for loss of rights of access in a situation like the present. Despite defendants' common law right of access, we believe the matter to be one of considerable doubt in situations in which the

---

[2] "Private property shall not be taken for public use, * * * without just compensation; * * *."

access is terminated for purposes which have to do with the use of the county road as a public road.

■ The property of defendants lies between two county roads, one of which was established as a throughway and the other which was not. Defendants had access to and from their property on the latter. The county contends that the Court of Appeals erred "in holding the determination of whether adequate or reasonable access to a public highway remains for an abutting landlord when access has been restricted is a question of fact as determined by the highest and best use." The county claims this is a problem of constitutional magnitude under Article I, section 18, of the Oregon Constitution. But for the statute previously discussed, the question of whether loss of adequate and reasonable access would be compensable is one of constitutional magnitude. However, the questions of the highest and best use of particular property and whether its access to a public road for such use is adequate and reasonable or has been impaired are not questions of constitutional magnitude or of law but are questions of fact that relate to the question of value.

The judgment of the Court of Appeals is affirmed.