Argued October 17, 1978, reversed May 21,
reconsideration denied August 14, petition for
review denied October 9,1979

BOESE et ux,
*Respondents/Cross-Appellants,*
*v.*
CITY OF SALEM,
*Appellant/Cross-Respondent.*
(No. 95739, CA 9842)

595 P2d 822

David J. DeMartino, Assistant City Attorney,
Salem, argued the cause for appellant/cross-
respondent. With him on the brief was William J.
Juza, City Attorney, Salem.

* Johnson, J., resigned December 18, 1978.

[381]

Douglas Ward, Salem, argued the cause for respondents/cross-appellants. With him on the brief was Gatti, Ward & Gatti, Salem.

Before Schwab, Chief Judge, and Johnson,* Gillette and Roberts, Judges.

GILLETTE, J.

**GILLETTE, J.**

The City of Salem appeals a verdict and judgment of $15,000 in an inverse condemnation action arising out of the closure of plaintiffs' access to a city street by means of a private driveway from their abutting land. We reverse.

Plaintiffs own triplex and duplex rental units which are located and front on Plaza Del Rey Street in northeast Salem, near the intersection with Broadway Street. In the rear of the units there are five garages which are served by a private driveway that connects to Broadway. The City installed a signal light on Broadway near the intersection with the driveway and closed the driveway because it posed a traffic hazard.[1] The trial court held that the closure was a taking as a matter of law and denied defendant's timely request for a non-suit on this issue.

■ The owner of land abutting a street has a common law right of access to his property from the road. *Oregon Investment Co. v. Schrunk,* 242 Or 63, 408 P2d 89 (1965). That right, however, is qualified and subject to the state's police power. *See, e.g., Oregon Investment Co. v. Schrunk, supra; Hickey v. Riley,* 177 Or 321, 162 P2d 371 (1945); *Barrett et al v. Union Bridge Co.,* 117 Or 220, 243 P 93 (1926); *Brand v. Multnomah County,* 38 Or 79, 60 P 390, 62 P 209 (1900). In *Barrett et al v. Union Bridge Co., supra,* for example, plaintiff owned a commercial garage located at the intersection of two streets. The entrance to the garage was on one of the streets. In constructing a bridge the State Highway Commission elevated the street in front of the entrance, thus blocking access to the entrance of the building. The court held that there was no taking on the ground that "* * * the right of the abutting property owner is subject to the rights of the public to use the street for highway purposes." 117 Or at 223.

---

[1] Plaintiffs have arranged for access from the garages to Broadway through an adjacent property at a fee of $100 per month. Because of the disposition we make of this case, the existence of this access is not material.

In *Oregon Investment Co. v. Schrunk, supra,* plaintiff operated a parking lot which abutted on three streets. A city permit restricted access to two of the streets, denying access from the third. Plaintiff contended that the denial was a taking. The court held to the contrary, stating:

> "We have no occasion to express an opinion as to whether vehicular access may be denied to an abutting owner whose property fronts on only one street. We agree, however, with those courts which hold that where the property fronts on more than one street, access may be denied, under particular circumstances, at one of the streets *if adequate means of access remain to the owner at the other street or streets.* To us this seems a reasonable exercise of the power of the city to provide for the public safety, convenience and welfare under the conditions created by modern motorized traffic in a large city." 242 Or at 73. (Emphasis added.)

Unfortunately, neither *Schrunk, Barrett,* nor any other case cited has ever ruled directly on the question of whether a change in the nature of a public road, effected to protect a valid public interest but not involving a trespass by the governing authority, may nonetheless be a compensable "taking" where one of the consequences of the change in the nature of the road is the limitation or elimination of an abutting landowner's ability to enter and leave a portion of his property. Most recently, the Supreme Court again refrained from ruling on the question in *Douglas County v. Briggs,* 286 Or 151, 593 P2d 1115 (1979). There the Supreme Court faced the question of whether Douglas County's conversion of a county road in front of defendant's property into a throughway, with a resulting loss of access from that county road, constituted a compensable taking. The court held that it did, but it confined its ruling to statutory construction grounds not applicable here. In so doing, however, the court noted,

> "* * * [W]e take no position one way or the other on whether Article I, Section 18, of the Oregon

Constitution[2] mandates payment for loss of rights of access in a situation like the present. Despite defendants' common law right of access, we believe the matter to be one of considerable doubt in situations in which the access is terminated for purposes which have to do with the use of the county road as a public road.

"2. 'Private property shall not be taken for public use, * * * without just compensation; * * *.'" *Douglas County v. Briggs, supra* at 156.

The Court did go on to acknowledge, however, that

"* * * [T]he question of whether loss of adequate and reasonable access would be compensable is one of constitutional magnitude." *Id.* at 157.

■ As was true for the Supreme Court in *Briggs,* the particular facts of this case are such as to make it unnecessary to resolve the fundamental question because the record shows plaintiffs retained adequate access to their property from another street for the principal purpose for which the property was utilized, *i.e.,* maintaining a triplex and a duplex, although that access may have been less satisfactory or even nonexistent for an auxilliary purpose, *e.g.,* utilizing garages at the rear of those structures. Such inconvenience is damnum absque injuria and not compensable. *Oregon Investment Co. v. Schrunk, supra; Barrett et al v. Union Bridge Co., supra; see Douglas County v. Briggs, supra; Fifth Avenue Corp. v. Washington Co.,* 282 Or 591, 581 P2d 50 (1978). Plaintiffs cannot recover from the City for the actions complained of here. Accordingly, the judgment below must be reversed.

Reversed.