Argued and submitted June 3, 1983, affirmed January 11, 1984

ARGO INVESTMENT CORP.,
*Appellant,*

*v.*

STATE OF OREGON, by and
through its DEPARTMENT OF
TRANSPORTATION et al,
*Respondents.*

(125517, CA A26001 (Control))

PIONEER TRUST COMPANY,
*Appellant,*

*v.*

STATE OF OREGON, by and
through its DEPARTMENT OF
TRANSPORTATION et al,
*Respondents.*

(125518; CA A26002)
(Cases Consolidated)

674 P2d 620

A. B. Cummins, Jr. and Geo. A. Rhoten, Salem, argued the cause for appellants. With them on the brief was Rhoten, Rhoten & Speerstra, Salem.

Virginia L. Linder, Assistant Attorney General, Salem, argued the cause for respondent State of Oregon. With her on the brief was Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

David J. DeMartino, Assistant City Attorney, Salem, argued the cause for respondent City of Salem. With him on the brief was William J. Juza, City Attorney, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Argo Investment Corporation and Pioneer Trust Company (plaintiffs) brought inverse condemnation actions against the City of Salem (City) and the State of Oregon (State), alleging that their respective business properties were diminished in value by the closing of Center Street N.E. (Center) at Front Street N.E. (Front) in Salem and that the street closure was a compensable taking of plaintiffs' properties. Plaintiffs appeal from judgments, entered after trial to the court, dismissing their claims against each of defendants. The issue presented is whether the closure amounts to a taking of plaintiffs' properties, entitling each of them to just compensation from the City, the State or both.

Plaintiffs' commercial property abuts Center. Before October 9, 1980, Center was a two-way street with direct access between Center and Front. As a result of the changes made to Center as part of the Front Street Bypass Project,[1] Center became a cul-de-sac, that is, a dead-end, two-way street, preventing traffic access directly from Front onto Center. Access from plaintiffs' property onto Center or Front has not been eliminated, but in order to drive from Front to Center in an automobile after the street closure, plaintiffs and their customers must take a more circuitous route.

Plaintiffs argue that the impairment of the traffic flow to their businesses constitutes a substantial interference with the highest and best use of their property and a compensable taking. We find no merit in this claim. It is a reasonable exercise of the City's police power to change a public road to provide for public safety or convenience. *Oregon Investment Co. v. Schrunk*, 242 Or 63, 73, 408 P2d 89 (1965). Evidence was presented that Center at Front was closed to regulate traffic as part of the Front Street Bypass Project. Plaintiffs continue to have access to their property for the principal purpose for which it is used. The fact that traffic has to use a more circuitous route to obtain access to Center from Front may be inconvenient, affecting the use, but it does not rise to the constitutional magnitude requiring compensation. *Douglas County v. Briggs*, 286 Or 151, 157, 593 P2d 1115 (1979). A

---

[1] The Front Street Bypass Project is a part of and developed from the Central Salem Development Program prepared under a grant to the City from the United States Department of Housing and Urban Development.

landowner is not entitled to compensation under eminent domain for the circuity of a route resulting from the construction of a limited access highway. *Highway Com. v. Central Paving Co.,* 240 Or 71, 74, 399 P2d 1019 (1965); *State Highway Comm. v. Hazapis,* 3 Or App 282, 286, 472 P2d 831, *rev den* (1970). The trial judge was correct in dismissing plaintiffs' claims against the City.

■  In 1977, the City entered into a "99E Redesignation Agreement" with the State, which provides:

> "For the purpose of furthering the development of a highway system adapted to the needs of the people of the State of Oregon, and for the safe and expeditious flow of traffic, State and City plan and propose to improve portions of Pine, Commercial, Liberty, *Front,* Ferry and Trade Streets to acceptable standards for redesignation of the route of Pacific Highway East, State Primary Highway No. 1E, to accommodate highway traffic volumes along said streets." (Emphasis supplied.)

Plaintiffs claim that Center was closed by the State pursuant to this agreement between the City and the State, thus entitling them to compensation for the diminished value of their respective properties under ORS 373.050 and 373.060.[2]

---

[2] ORS 373.050 provides:

"(1) Whenever the Department of Transportation has located a highway in, into or through the corporate limits of a city upon or over an alignment or route not theretofore comprising a city street and has acquired the necessary rights of way therefor and constructed a highway thereover, or whenever the department, pursuant to ORS 373.010 has selected and designated streets over which to route a state highway within an incorporated city, the department may close any street at the point where it intersects or is intersected by the state highway or by the streets selected and designated as the route of a state highway, by a formal agreement with the municipal authorities of a city set out in a resolution or ordinance of the city, designating the particular streets to be closed by name and intersection.

"(2) Before any municipal authorities enter into any such formal agreement with the department, such municipal authorities shall comply with all city ordinances or charter provisions pertaining to the closing of streets in the city.

"(3) Before the street can be closed or dead-ended, the department shall, after investigation, find and declare by resolution that the closing of the street at the point of intersection is necessary in order to provide safety for the general public or will contribute to a more expeditious and orderly movement of traffic, or both."

ORS 373.060(1) provides:

"If by the closing of any street as provided in ORS 373.050, real property abutting on the intersected street between the point of intersection and the next street, but in no event beyond a point 300 feet from the point of intersection, is

ORS 373.060(1) provides for compensation by the State when street closures are effected pursuant to ORS 373.050. As applied to this case, ORS 373.050 allows the State Department of Transportation to close any street at the point where it intersects with a state highway designated under ORS 373.010[3] by entering into a formal agreement with the municipal authorities of a city set out in a resolution or ordinance of the city. The statute further requires that, before the street can be closed, the city must comply with all city ordinances and charter provisions pertaining to the closing of streets in the city, and the State Department of Transportation must find and declare by resolution that the proposed street closing is necessary for the safety of the general public or the more expeditious and orderly movement of traffic or both. ORS 373.050(2) and (3). When all the requirements of ORS 373.050 and 373.060 have been met, the owner of real property abutting a city street which becomes a cul-de-sac may recover damages from the State. *State Highway Comm. v. Hazapis, supra,* 3 Or App at 288.

■■     The closing of Center was not effected pursuant to ORS 373.050. There is no evidence that Front at the time of trial had been designated as a state highway under ORS 373.010, that the state investigated and declared the closing necessary for public safety or orderly traffic movement or that the state entered into a formal agreement with city authorities set out in a resolution or ordinance designating the closing of Center. We find no merit in plaintiffs' contention that the "99E Redesignation Agreement" constitutes a "de facto" resolution fulfilling the necessary requirements of ORS 373.050. The agreement contains no mention whatsoever of

---

damaged, any person having any right, title or interest in any such real property has a cause of action against the state to enforce payment of such compensation or damages."

[3] ORS 373.010 provides:

"Whenever the route of any state highway passes through the corporate limits of any city of this state, the Department of Transportation:

"(1) Shall select and designate the streets of the city over which the state highway shall be routed.

"(2) Shall erect and maintain such road and other signs on and along such streets at such places and of such material and design as it may select.

"(3) May alter or change such routing when in its opinion the interests of the motoring public will be better served."

the closing of Center at Front. The statutory language is clear, and liability can be imposed only when the legislatively required conditions precedent have been met. Because Center was not closed, as provided in ORS 373.050, the court properly found that plaintiffs had no cause of action against the State under ORS 373.060(1). What was done was done by the City under its police power; there was no compensable taking.

Affirmed.