# CITY OF SALEM,
*Respondent,*

*v.*

# MERRITT TRUAX, INC. et al,
*Appellants.*

(129,715; CA A29784)

688 P2d 120

James M. Brown, Salem, argued the cause for appellants. With him on the brief was Enfield & Guimond, Salem.

David J. De Martino, Assistant City Attorney, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Defendants appeal from a directed verdict entered against them on their inverse condemnation claim. We affirm.

Defendants own a corner lot in Salem, on which they operate a service station. As part of a street widening project, plaintiff condemned a narrow strip along one edge of defendants' property and closed one of their three driveways.[1] Defendants brought a claim for the damages caused by the driveway closure, alleging that their access had inversely been condemned. The trial court, however, determined that the closure was carried out pursuant to a valid exercise of the city's police power.

■ Although defendants advance a number of theories, the real thrust of their appeal is that the trial court erred by directing a verdict against them on the inverse condemnation claim. We disagree. An owner of land abutting a street has a common law right to access to his property from the road. *Oregon Investment Co. v. Schrunk,* 242 Or 63, 408 P2d 89 (1965); *Boese v. City of Salem,* 40 Or App 381, 595 P2d 822, *rev den* 287 Or 507 (1979). However, the rights of abutting proprietors to access to their premises are subservient to the public's right to free use of the streets. That right is protected by the state's exercise of its police power. *Oregon Investment Co. v. Schrunk, supra,* 242 Or at 67; *Boese v. City of Salem, supra,* 40 Or App at 383. An interference with access rights that is an exercise of the city's police power is not a compensable taking.

■ ■ It is well settled that changing a public road to provide for public safety and convenience is a legitimate exercise of a city's police power. Thus, we conclude that the closure of defendants' driveway was not a compensable taking. *Oregon Investment Co. v. Schrunk, supra; Argo Investment v. Dept. of Transportation,* 66 Or App 430, 674 P2d 620 (1984); *Boese v. City v. Salem, supra.* Defendants point out that the change in driveways has made it less convenient to enter the station and has resulted in a decline in business. The closure has also made it harder for defendants to get fuel, because it must now be specially delivered because tanker trucks can no

---

[1] The effect on defendants' lot from the city's action can be seen from a comparison of Diagrams 1 (before) and 2 (after). See diagrams on page 142.

longer pull into the station. Those matters are *damnum absque injuria* and not compensable. *Oregon Investment Co. v. Schrunk, supra; Boese v. City of Salem, supra.* The directed verdict was proper.

Affirmed.

142

DIAGRAM 1

Pumps

Service
Station

N

NORTH RIVER ROAD

SHANGRI-LA AVENUE

DIAGRAM 2

Pumps

Service
Station

N

NORTH RIVER ROAD

SHANGRI-LA AVENUE

DRIVEWAYS ARE DEPICTED BY HEAVY BLACK LINES