Argued and submitted February 10, affirmed May 24, 1989

## GRUNER et al,
*Appellants,*

*v.*

## LANE COUNTY,
*Respondent.*

(16-87-10179; CA A49120)

773 P2d 815

Maurice K. Merten, Judge.

Clayton C. Patrick, Salem, argued the cause for appellants. With him on the briefs was William D. Brandt, Salem.

David B. Williams, Eugene, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiffs appeal the dismissal with prejudice of their claim for relief for inverse condemnation. Or Const, Art I, § 18.[1] The sole issue is whether their first amended complaint alleges facts sufficient to state a claim. We affirm.

Plaintiffs Gruner, as lessor, and plaintiff Jeremiah, as lessee, of a rock quarry, brought this action against the county to recover damages for an alleged taking of plaintiffs' property by adoption of a county ordinance reducing the load limit from 40 tons to 17 tons on two county roads that provide access to the quarry. Plaintiffs' complaint alleges:

> "As a direct and proximate result of the adoption of [the ordinance], Plaintiff Jeremiah has been denied the use and benefit of the property which is the subject of the lease, specifically the rock quarry for the reason that he is unable to remove the rock from the quarry and is unable to resell the rock as intended and contemplated by Plaintiff Jeremiah and Plaintiffs Gruner.

> "As a direct and proximate result thereof, Plaintiff Jeremiah has suffered damage by the taking of his property in the form of lost sales from the quarry and inability to fill orders and commitments to contracts and has further suffered continued expenses of operating the quarry and continued expenses of maintaining the lease in the amount of $200,000.00. These damages continue every day."

In reviewing the sufficiency of the complaint, we assume the truth of plaintiffs' allegations and of any facts that might conceivably be adduced as proof of those allegations. *Brennan v. City of Eugene,* 285 Or 401, 405, 591 P2d 719 (1979). Plaintiffs are entitled to the benefits of all intendments and inferences that can be reasonably drawn from the facts pleaded. *Lincoln Loan v. State Highway Commission,* 274 Or 49, 52, 545 P2d 105 (1976).

■    The parties cite different standards for what constitutes a compensable taking by inverse condemnation. County contends that the appropriate criteria for whether a compensable taking has occurred in this case is found in cases of inverse condemnation in the land use planning or zoning

---

[1] Although plaintiffs cite no constitutional provisions in their brief or complaint, we rest our decision on Article I, section 18, because they cite only Oregon case law that addresses a "taking" under that provision.

context. In those cases, the land owner is not entitled to compensation for inverse condemnation unless: 1) the owner is precluded from all economically feasible private uses pending eventual taking for public use; or 2) the designation results in such governmental intrusion as to inflict virtually irreversible damage. *Suess Builders Company v. City of Beaverton,* 294 Or 254, 258, 656 P2d 306 (1982); *Fifth Ave. Corp. v. Washington Co.,* 282 Or 591, 614, 581 P2d 50 (1978).

■    Plaintiffs rely on the standard used when a taking occurs as a result of trespass or nuisance—"any destruction, restriction, or interruption of the common and necessary use and enjoyment of the property of a person for a public purpose" constitutes a compensable taking within the meaning of Article I, section 18. *Lincoln Loan v. State Highway Commission, supra,* 274 Or at 52-53. They contend, citing our opinion in *Douglas County v. Briggs,* 34 Or App 409, 578 P2d 1261 (1978), *aff'd on other grounds* 286 Or 151, 593 P2d 1115 (1979), that, by reducing the load limit on the two roads providing access to the rock quarry, the county has deprived them of their common law right of access and, consequently, the right to use their property.

■    Plaintiffs are correct that an owner of land abutting a street has a common law right of access to his property from the road. *Oregon Investment Co. v. Schrunk,* 242 Or 63, 408 P2d 89 (1965); *Boese v. City of Salem,* 40 Or App 381, 595 P2d 822, *rev den* 287 Or 507 (1979). However, that right is qualified by the state's inherent power. To protect the public safety, convenience and welfare, a governing body may qualify or restrict an abutting landowner's right of ingress and egress. *Oregon Investment Co. v. Schrunk, supra,* 242 Or at 67; *Boese v. City of Salem, supra,* 40 Or App at 383; *Douglas County v. Briggs, supra,* 34 Or App at 409. "Such restrictions do not constitute a taking so long as an adequate means of access remains available to the abutting property owner." 34 Or App at 414.[2] Inconvenience, reduction in profits or depreciation in

---

[2] In *Briggs,* the defendants had access to and from their property on two county roads. The question was whether Douglas County's conversion of the road in front of their property into a throughway, with a resulting loss of access, constituted a compensable taking. We held:

"When restrictions on access are imposed, whether or not adequate access remains available is a question of fact which must be determined in light of the highest and best use of the affected property. 2 Nichols, *Eminent Domain,* §

the value of property that occurs as a result of a legitimate exercise of the state's police power is *damnum absque injuria* and not a compensable taking. *Oregon Investment Co. v. Schrunk, supra; City of Salem v. Merritt Truax,* 70 Or App 138, 688 P2d 120 (1984); *Boese v. City of Salem, supra.*

■     County argues that, because plaintiffs are not precluded from hauling loads of 17 tons or less, they have not been denied *all* access and, therefore, their claim is merely for consequential damages for reduction in economic expectations and is not a claim for a compensable taking. We agree and hold that the complaint is not sufficient. Plaintiffs did not plead facts that, if proved, would show that by reducing the load limit to 17 tons on the two county roads, the county has, in effect, denied them adequate and reasonable access to their property for the principal purpose for which it is used. The fact that plaintiffs' business expectations may have been lowered—because they are now required to haul the rock from the quarry in smaller loads—does not rise to the constitutional magnitude requiring compensation. *Douglas County v. Briggs, supra,* 286 Or at 157.

The trial court did not err in sustaining county's motion to dismiss.

Affirmed.

---

5.72[1] at 5-165 (1976)." 34 Or App at 414.

We concluded that the county's action resulted in a compensable taking, because the highest and best use of the affected property was for commercial purposes and, although existing access from the unaffected road was adequate for residential and farming purposes, the only adequate commercial access to the property was destroyed.

The Supreme Court affirmed our decision but limited its ruling to statutory grounds, expressly declining to decide the constitutional issue. *Douglas County v. Briggs, supra,* 286 Or at 156.

"[W]e take no position one way or the other on whether Article I, Section 18, of the Oregon Constitution mandates payment for loss of rights of access in a situation like the present. Despite defendants' common law right of access, we believe the matter to be one of considerable doubt in situations in which the access is terminated for purposes which have to do with the use of the county road as a public road." (Footnote omitted.)

The Court went on to acknowledge, however, that

"the question of whether loss of adequate and reasonable access would be compensable is one of constitutional magnitude." 286 Or at 157.