Argued and submitted April 21, reversed and remanded May 27, petition for review denied October 28, 1998 (327 Or 621)

State of Oregon,
by and through its
DEPARTMENT OF TRANSPORTATION,
*Appellant,*

*v.*

Marilyn K. DUPREE,
aka Marilyn K. Taylor,
*Respondent,*

*and*

Damien B. DUPREE
and Key Bank of Oregon,
an Oregon banking association,
*Defendants.*

(95-2064; CA A94440 (Control) and CA A94890)
(Cases Consolidated)

961 P2d 232

Mary H. Williams, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Wade Regier argued the cause for respondent. With him on the brief were Gary M. Bullock and Bullock and Regier.

Before Edmonds, Presiding Judge, and Landau and Armstrong, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

The state appeals from a judgment on a jury verdict that awarded defendant $94,215 as compensation for property that the state took to widen a highway.[1] The state argues that the trial court erred when it denied, in part, the state's motion for a peremptory instruction on the award of compensation to defendant for a change in her access to the highway and when it instructed the jury that it could consider the change in access in determining the compensation due defendant.[2] We reverse.

The following facts are undisputed. Defendant owns property abutting Highway 30 in St. Helens. Defendant had operated a restaurant on the property since 1985. In November 1988, the state notified defendant that a portion of her property would be condemned so that the highway could be widened from two to four lanes. The total amount of property condemned was 1,700 square feet. In addition, the state took a permanent eight-foot-wide easement that ran the length of the property, to be used for utilities. The restaurant occupied the condemned portion of the property and was removed by the state. The remaining property was zoned "highway commercial," which permits uses that are highway oriented and commercial in nature, including restaurants.

In 1988, Highway 30 was designated an "Access Oregon Highway." Construction projects funded under the Access Oregon program must meet certain design requirements, one of which is that access to the highway be limited. Before the highway was widened, defendant's property was accessible from the highway at two points. As a result of the widening, the state restricted defendant to one access point, a 24-foot-wide driveway, the location of which had not been

---

[1] The state joined three defendants in the condemnation action. Only Marilyn K. DuPree is involved in this appeal.

[2] The state moved for a directed verdict on compensation for any loss resulting from the change in access. The proper motion to achieve that result was a motion for a peremptory instruction rather than for a directed verdict. *See, e.g., NW Pac. Indem. v. Junction City Water Dist.*, 296 Or 365, 372 n 1, 677 P2d 671 (1984). Nothing suggests that defendant or the trial court was misled by the improper terminology, so we treat the motion as a motion for a peremptory instruction and use that term in our opinion.

determined at the time the widening project began. Under state law, defendant was required to apply for a permit from the state for that single access point.

The state determined that just compensation for the taking of defendant's property, including the value of the restaurant, the building and its trade fixtures, was $63,500. Defendant agreed that the state was entitled to take her property through condemnation but claimed that the value of the property taken was at least $90,000. At trial, defendant argued that, because the state had limited her access to her property, the value of the property had been diminished. Defendant offered evidence that she no longer could use her property for a restaurant, because that use required two points of access from the highway. Because restaurant property is of higher value than other commercial property, defendant claimed that the state was required to compensate her for the difference.

At the close of the evidence, the state moved for a peremptory instruction on the issue of defendant's access to the highway. The trial court granted the motion in part, ruling that defendant could not argue that she should be compensated merely because her access to the highway had been limited. The court went on to rule, however, that defendant could argue that, by limiting her access to the highway, the state had caused the value of her property to decline and that she should be compensated for that decline in value. The court then instructed the jury that a property owner is not entitled to unrestricted access at all points along the property but that total loss of access or unreasonable interference with access can reduce the market value of the remaining property, entitling the property owner to compensation. The jury returned a verdict awarding defendant $94,215. In two supplemental judgments, the court awarded defendant costs and disbursements totaling $43,917.18.

The state first assigns error to the trial court's refusal to grant a peremptory instruction on the issue of defendant's access to the highway. At the close of evidence, the state made the following oral motion:

"At this time the plaintiff will move for a [peremptory instruction] on the issue of access. I don't think there is a

question of reasonable access that can be submitted to a jury. The case law is clear that the only obligation the State has is to provide reasonable access. Oregon law requires a permit. A permit has been obtained. There's no evidence that the landowner will be deprived of access. The access that is to be provided is reasonable as a matter of law, and so I think the issue of access should not be submitted at this time."

After some discussion, the trial court granted the motion, but limited that grant to the issue whether the change in access was compensable in and of itself. The court went on to rule that the change in access was relevant to the value of defendant's remaining property and, therefore, could be addressed by defendant and considered by the jury:

"I would at this time go ahead and grant your [peremptory instruction] on the limited basis that [defendant] is not allowed to argue to the jury that the taking of the access in and of itself is a compensable taking. *The fact that this property's highest and best use has now been changed, according to [defendant's] experts, from restaurant to other commercial property,* I will allow [defendant] to argue that point, but not just the mere taking of the access in and of itself is a compensable taking."

(Emphasis supplied.) The state argues that the trial court erred when it concluded that the jury could consider the effect of the change in access on the value of the property. We agree.

■■ A landowner's access to a highway that abuts the landowner's property is subject to the state's authority to control and regulate the use of the highway. *See Curran v. ODOT,* 151 Or App 781, 784, 951 P2d 183 (1997). Defendant does not dispute that the state acted within that authority when it restricted her access from her remaining property to the widened Highway 30. Had the state not taken any of defendant's land, but merely eliminated one of her two access points, it would not have been required to compensate her for any inconvenience, reduction in business or reduction in the value of her property. *See Gruner v. Lane County,* 96 Or App 694, 697-98, 773 P2d 815 (1989). That principle is unaffected by the fortuity that the change in defendant's access to her property was accompanied by the condemnation of a portion

of it. Nothing here suggests that the remaining property could not be used for a restaurant but for the change in access. Therefore, the diminution in value caused by the change in access is not compensable.[3] Consequently, the trial court erred in denying the state's motion for a peremptory instruction to remove from the jury all consideration of the effect of the change in access on the determination of just compensation for the condemned property.

■ In light of that error, the appropriate disposition of the appeal would be to remand the case for a new trial. The state proposes, however, that we remand the case for entry of judgment in favor of defendant for $63,500, on the ground that the evidence establishes that that is the compensation due for the condemned property. Leaving aside the issue of compensation for the loss of access, the evidence at trial did not compel a finding that $63,500 was the compensation due for the condemned property. Hence, we cannot direct the court to enter a judgment in that amount on remand.[4]

Reversed and remanded.

---

[3] Defendant relies on *Douglas County v. Briggs*, 286 Or 151, 593 P2d 1115 (1979), for the proposition that the state is required to compensate a property owner if a loss in access to an abutting highway reduces the value of the property. That case was decided by the Supreme Court on the basis of a statute that applies to county roads and not to state highways, so it has no apparent application to this case. *Id.* at 156-57. We since have held that a restriction on access to an abutting highway imposed for regulatory purposes related to the use of the highway generally does not result in a compensable taking of access rights under Article I, section 18, of the Oregon Constitution. That means that the imposition of the restriction does not require compensation to the property owner under that provision for any loss in the value of the affected property. *Curran*, 151 Or App at 784. Defendant did not argue at trial or on appeal that any statutes require an award of compensation to her in this case, so we decide the case solely under Article I, section 18.

[4] Because of our disposition of the state's first assignment of error, we need not reach its second and third assignments.