Argued and submitted May 5, reversed and remanded with instructions
November 12, 1986

# STATE OF OREGON,
by and through its
## DEPARTMENT OF TRANSPORTATION,
*Appellant,*

*v.*

## SCHOPPERT et al,
*Respondents.*

(82-10-232; CA A34843)

728 P2d 80

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Richard C. Bemis, Milwaukie, argued the cause for respondents. With him on the brief was Redman, Carskadon and Bemis, Milwaukie. Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

In this condemnation action, the state appeals from an order granting defendants' motion to set aside the judgment and for a new trial. ORCP 64B. The court granted the motion on the ground that it had committed two errors during trial. Those errors were, first, allowing the state to amend its second amended complaint to allege a lower value as just compensation for the property taken than it had alleged in the original complaint and, second, giving one of the state's requested instructions dealing with access to defendants' land. We hold that those rulings were not erroneous and reverse.

The property involved is in Clackamas County, where state highways 212 and 224 divide. West of the intersection they are one road; east of the intersection 224 goes south to Estacada and 212 continues east to Boring. The state, in order to enlarge the intersection, took some of defendants' land, primarily along the south and southwest sides of the highway. Before the project, defendants had access from the highway to their land at all points; afterwards, their access was limited to an area 40 feet wide on Highway 224 southeast of the intersection.

In its original complaint, the state alleged that $38,000 was just compensation for the taking. In order to take immediate possession, the state deposited $39,000 with the court; defendants withdrew the deposit pursuant to a court order. ORS 35.265; ORS 35.285.

At trial, the state's appraisers testified that recent developments had reduced their estimation of the property's value. The state then moved to amend its second amended complaint to allege a value of $11,000, and the court granted the motion. The jury found the value to be $28,000. As a result, the court entered a judgment requiring defendants to repay $11,000 of the $39,000 they had withdrawn.

In granting the new trial, the court held that the state could not reduce its alleged damages after the landowner had withdrawn the deposit and that to allow it to do so would be "playing games" with the jury. We recently held in *State Dept. of Trans. v. Montgomery Ward Dev.*, 79 Or App 457, 719 P2d 507, *rev den* 301 Or 667 (1986), that a trial court did not act outside the range of its discretion in allowing an amendment

to a complaint in circumstances similar to those in this case and that the state may recoup the amount of a withdrawn deposit which exceeds the jury's award. 79 Or App at 461-63. Those holdings control here. The trial court erred in basing its grant of a new trial on that ground.

■ The second ground on which the trial court relied was its having given the following instruction:

> "I instruct you that access is the right of an abutting property owner to have ingress and egress to the highway. The abutting owner is not entitled, as against the public, to access to his land at all points. It is sufficient if he has reasonable and adequate access to serve his property. Where the defendants' land abuts on two or more public roads and one of these roads furnishes reasonable and adequate access to serve their property, the State can completely restrict their access to the other road without payment of any compensation."

The court decided that it should not have given the instruction, because there was only one road, not two. The parties argue at some length about whether that was correct. Even if that issue were relevent,[1] the instruction was not erroneous. It did not tell the jury that there were two roads; rather it told them that the state could restrict access to the land if the landowner still retained reasonable and adequate access to serve their land. That rule is correct whether one, two or more roads border the land. The instruction properly told the jury to consider the nature of the remaining access in assessing defendants' damages. That was sufficient.

Reversed and remanded with instructions to reinstate the judgment.

---

[1] Cases on which the state relies to show that a property owner is not entitled to compensation for the denial of access from one road if there is reasonably adequate access from another road are generally not condemnation but inverse condemnation cases.