Argued and submitted January 26, reversed March 10, respondent's petition for
reconsideration filed May 19, allowed by opinion August 4, 1993
See 122 Or App 257 (1993)

Ethel BERGMAN,
*Respondent,*

*v.*

Stephen E. HOLDEN;
Malcolm Massey and Wayne Massey,
dba M & M Logging Company;
Merlin Smith,
*Defendants,*

*and*

Art LEWIS,
*Appellant.*

(87-2115; CA A72538)

848 P2d 141

David Brian Williamson, St. Helens, argued the cause and filed the briefs for appellant.

Michael B. Mendelson, Portland, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Defendant Lewis appeals from a judgment entered against him for timber trespass. He challenges the trial court's construction of the applicable statutes, as well as the sufficiency of the evidence to establish his liability under those statutes. We review the trial court's decision for errors of law and findings not supported by any competent evidence, *Rosalez v. Unigard Insurance Co.*, 283 Or 63, 67, 581 P2d 945 (1978), and reverse.

The material facts are not in dispute. Defendant was hired to haul away timber that was decked on a landing located on property adjacent to plaintiff's. The timber had been severed and moved to the landing by other defendants,[1] who had trespassed on plaintiff's property. Defendant did not participate in the severing of the timber and did not enter onto plaintiff's property. In the course of hauling away the timber, defendant did not examine each log to determine whether it was "branded" with an owner's identifying mark. *See* ORS 532.130(1).[2] He simply hauled away all the timber he found on the landing.

Plaintiff sued defendant for violation of ORS 105.810 and ORS 105.815.[3] The trial court heard the case without a jury. The court concluded that, although defendant had not entered onto plaintiff's land, he was nevertheless

---

[1] Plaintiff has settled her claims against the other defendants, and they are not parties on appeal.

[2] ORS 532.130(1) provides that no person shall

"ship on any railroad or motor vehicle any forest products * * * without having plainly impressed or cut in a conspicuous place on each such stick or piece of forest products * * * a mark or brand previously registered as required by the terms of ORS 532.010 to 532.140."

[3] ORS 105.810 provides, in part:

"[W]henever any person, without lawful authority, willfully * * * cuts down, girdles or otherwise injures or carries off any tree, timber or shrub on the land of another person * * * in an action by such person * * * against the person committing such trespasses if judgment is given for the plaintiff, it shall be given for treble the amount of damages claimed, or assessed for the trespass."

ORS 105.815 provides, in part:

"If, upon the trial of an action included in ORS 105.810, it appears that the trespass was casual or involuntary, or that the defendant had probable cause to believe that the land on which the trespass was committed was the land of the defendant * * * judgment shall be given for double damages."

liable under ORS 105.815. It found that, because defendant hauled logs that were not branded, knowledge of the other defendants' trespass could be imputed to him, and this knowledge made defendant liable under the statutes.

Defendant argues that he cannot be found liable under ORS 105.810 or ORS 105.815 without evidence that he personally entered plaintiff's property to remove the timber. Plaintiff contends that actual entry onto her land is not required. According to plaintiff, ORS 105.810 provides that it is unlawful to carry off timber "on the land of another"; therefore, if defendant hauled away plaintiff's logs from the land of *any other person*, defendant committed timber trespass.

■ We do not agree with either party's construction of the timber trespass statutes. ORS 105.810 provides that it is unlawful to carry off a tree, timber or shrub "on the land of another," and that in a successful action *"by such person"* judgment shall be given in favor of that person. Thus, entry onto the plaintiff's land is an element of the statutory action for timber trespass. That element may, in some cases, be satisfied by an entry by persons other than the defendant. In *Gordon Creek Tree Farms v. Layne et al*, 230 Or 204, 358 P2d 1062, 368 P2d 737 (1962), the Supreme Court held that logging contractors could be liable for the timber trespass of their subcontractors, even though the contractors had never entered onto the plaintiff's land. The element of entry was satisfied by imputing to them the subcontractor's actions under the doctrine of *respondeat superior*.

■ There is no suggestion here that defendant acted as a contractor and hired others to enter onto plaintiff's land to haul away her timber; nor is there evidence that defendant entered onto plaintiff's land, either to participate in the removal of the timber to the landing on the neighboring property or in the process of hauling the timber from the landing. The statute does not make defendant liable for carrying the timber from some property other than plaintiff's. Defendant, therefore, is not liable under ORS 105.810 or ORS 105.815.

■ Plaintiff argues that, even if defendant did not enter her property, he is liable as a joint tortfeasor under *Restatement (Second) Torts* § 876 (1977), which provides:

"For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he

"(a) does a tortious act in concert with the other or pursuant to a common design with him, or

"(b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or

"(c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person."

According to plaintiff, defendant hauled away the logs in violation of ORS 532.130, which prohibits the hauling of unbranded timber, and this makes him liable along with the other defendants under either section 876(a), (b) or (c). We disagree. Assuming, but not deciding, that the *Restatement* tests apply in Oregon, there is no evidence to support liability.

Liability under section 876(a) requires evidence that defendant acted in concert or pursuant to a common design with the other defendants. Plaintiff points to no evidence of any conduct in concert with the other defendants or of any common design, and we find none.

Liability under section 876(b) requires evidence that defendant knew that the conduct of the other defendants constituted a breach of duty. Again, there is no direct evidence that defendant knew anything about the conduct of the other defendants. There is no evidence that he knew who had cut the logs that he hauled or that he knew that they had come from any property other than the place where he found them. Plaintiff argues that this knowledge can be inferred from the fact that the logs defendant hauled away were unbranded. Even assuming there was proof that the logs were, in fact, unbranded,[4] we find such an inference to be unreasonable.

Finally, liability under section 876(c) requires evidence that defendant substantially assisted the other defendants in accomplishing a tortious result and that his own

---

[4] The only evidence about whether the logs were branded was defendant's testimony that the logs were branded. Plaintiff's counsel attempted to impeach defendant with contrary deposition testimony. That deposition testimony included a negative response to the statement that the logs he hauled were branded, followed by repeated assertions that he could not remember one way or the other.

conduct constituted a breach of duty to plaintiff. There is no evidence that defendant substantially assisted the other defendants in carrying timber away from plaintiff's property. All of the evidence at trial was, in fact, to the contrary: Defendant had nothing to do with removing the logs from plaintiff's property, and there is no evidence that he had any knowledge of where the logs had been cut. Moreover, even if defendant violated ORS 532.130 by hauling unbranded logs, that does not establish that he breached a duty to plaintiff.

There is no basis for concluding that defendant is liable as a joint tortfeaser.

Reversed.