On respondent's petition for reconsideration filed May 19, reconsideration allowed; opinion (118 Or App 530, 848 P2d 141) modified and adhered to as modified August 4, reconsideration denied November 24, petition for review denied December 14, 1993 (318 Or 170)

Ethel BERGMAN,
*Respondent,*

*v.*

Stephen E. HOLDEN;
Malcolm Massey and Wayne Massey,
dba M & M Logging Company; Merlin Smith,
*Defendants,*

*and*

Art LEWIS,
*Appellant.*

(87-2115; CA A72538)

857 P2d 217

Michael B. Mendelson, Portland, for petition.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

**LANDAU, J.**

Plaintiff petitions the Supreme Court for review of our decision reversing the trial court, which had entered judgment in plaintiff's favor. 118 Or App 530, 848 P2d 141 (1993). We treat the petition as one for reconsideration, allow it, modify our opinion and adhere to it as modified.

Plaintiff argues that we erred in concluding that defendant could not be found liable under *Restatement (Second) Torts* sections 876(a) and (b),[1] as the trial court found, because

"there is no direct evidence that defendant knew anything about the conduct of the other defendants. There is no evidence that he knew who had cut the logs that he hauled or that he knew that they had come from any property other than the place where he had found them." 118 Or App at 534.

According to plaintiff, there is evidence from which a reasonable factfinder could conclude that defendant did, in fact, know of the trespass, thus making defendant liable under either section of the *Restatement*. That evidence includes testimony that defendant knew that some of the logs he hauled were from plaintiff's property, that defendant was related to some of the other defendants by marriage and that defendant turned over to those other defendants the money he received for hauling logs. Plaintiff argues that, in ignoring all of that evidence, we have incorrectly substituted our view of the facts for that of the trial court.[2]

■■ At the outset, we note that the arguments plaintiff now makes were not raised in her original brief. Plaintiff argued only that defendant was liable under the *Restatement* because defendant hauled unbranded logs, not because any

---

[1] Actually, it is difficult to determine from plaintiff's petition precisely which of the *Restatement* sections she thinks provides the basis for defendant's liability. In a heading, plaintiff suggests that the evidence is sufficient to support a finding of liability based on defendant's conduct in concert with the other defendants, which suggests liability under section 876(a), but the entire text of that portion of the petition is devoted to our resolution of defendant's asserted liability under section 876(b). We address the sufficiency of the evidence with respect to both *Restatement* sections.

[2] Plaintiff seizes on our use of the term "direct evidence" to argue that we have failed to apply the correct standard of review. Plaintiff is mistaken. We stated that there is no direct evidence of defendant's knowledge of the trespass *and* that there is no evidence from which that knowledge could be inferred. 118 Or App at 534.

other evidence supported a finding that he knew about the trespass. Ordinarily, a contention not raised in the original brief will not be considered on reconsideration. *Kentner v. Gulf Ins. Co.*, 298 Or 69, 74, 689 P2d 955 (1984). We nevertheless consider the argument, because the evidence now cited indicates that at least one of our statements concerning the factual record was incorrect. In reviewing that evidence, we must affirm the trial court's decision if there is any evidence to support it. *Illingworth v. Bushong*, 297 Or 675, 694, 688 P2d 379 (1984).

■      Contrary to our original opinion, there is evidence that defendant knew that at least some of the logs originated on plaintiff's property. That fact, however, does not change our conclusion that defendant could not be found liable under the *Restatement*. Section 876(b) requires knowledge that the conduct of the other defendants constituted a breach of some duty to plaintiff. That defendant may have known that the logs he hauled came from plaintiff's property or anyone else's is not evidence that he knew that the logs were taken from that property *illegally*. Similarly, the evidence that defendant was related to the other defendants and that he returned the proceeds of the sale to them does not support the inference that defendant knew of their unlawful conduct.

■      For the same reasons, the evidence is insufficient to support a finding of liability under section 876(a). That section requires evidence that defendant committed a tortious act in concert with the other defendants or pursuant to a common design with them. It requires that the acts committed both by defendant and by the other defendants be independently tortious in character. *Restatement (Second) Torts* § 876, *comments a, b and d* (1977). Even if defendant knew that some of the logs he transported came from plaintiff's property, that is insufficient to establish that he committed any tort. Likewise, that defendant happened to be related to other tortfeasors does not support an inference that defendant himself committed any tort. Nor does the fact that defendant turned over the proceeds of the timber sale to those who hired him to haul the timber establish that defendant's conduct was tortious.

Reconsideration allowed; former opinion modified and adhered to as modified.