On appellant's petition for reconsideration filed June 2, and respondent's response to petition for reconsideration filed June 9, petition for reconsideration allowed; opinion (160 Or App 513, 981 P2d 833) adhered to October 13, 1999, petition for review denied February 29, 2000 (330 Or 71)

## KINROSS COPPER CORPORATION,
*Appellant,*

*v.*

## STATE OF OREGON,
*Respondent.*

(960906900; CA A98316)

988 P2d 400

Phillip D. Chadsey, Jerry R. Fish, Charles F. Adams, David E. Van't Hof, and Stoel Rives LLP, for petition.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and David Coursen, Assistant Attorney General, *contra.*

Before Landau, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiff Kinross Copper Corporation petitions for reconsideration of our opinion affirming the trial court's entry of summary judgment dismissing plaintiff's state and federal takings claims based on the denial of a permit to discharge mining wastewater into a river of the state. *Kinross Copper Corp. v. State of Oregon*, 160 Or App 513, 981 P2d 833 (1999). Plaintiff contends that, in our opinion, we erred in construing or applying the law. ORAP 6.25(1)(e). We allow the petition, but adhere to our opinion for the reasons that follow.

Plaintiff alleged that it suffered an uncompensated taking of property when the state denied it a permit to discharge groundwater and other wastewaters from its mining operation into the North Santiam River Subbasin. Plaintiff alleged that, without the ability to discharge into the river, its unpatented mining claim had no value. The trial court entered summary judgment in favor of the state. On appeal, plaintiff argued that the trial court erred because it was undisputed that the denial of the permit deprived its claim of any use or value. The state argued that the trial court was correct because, among other things, there can be no taking of a right that plaintiff never possessed, and plaintiff never possessed the right to discharge wastewater into a river of the state. Plaintiff replied that, indeed, it did have a right to discharge wastewater into a river of the state because, under ORS 537.545(1), plaintiff has the right to discharge up to 5,000 gallons of groundwater per day.

We agreed with the state. We held that ORS 537.545(1) did not have the effect of granting a property right to discharge wastewater:

> "By its terms, the statute permits the *consumption* of ground water. Even assuming that it applies to a mining operation, the statute does not permit the *discharge* of anything into a river of the state."

*Kinross Copper Corp.*, 160 Or App at 525 (emphasis in original). We then concluded that, having lost no property right, plaintiff suffered no taking. *Id.* at 525-26.

On reconsideration, plaintiff contends that we correctly determined that ORS 537.545(1) does not grant a right to discharge wastewater. Nevertheless, they contend that they have that right at common law. According to plaintiff, all property owners have a common-law right of drainage. In fact, it argues that it does not even need to obtain a permit to exercise that right. Thus, plaintiff concludes, although we correctly determined that there can be no taking of a property right never held, in this case, it does possess such a right.

■ At the outset, we note that plaintiff did not make that argument in its briefs and previously cited none of the authorities on which it now relies. Plaintiff argued that it obtained the right to discharge its wastewater by virtue of its water rights. We explained why that was incorrect as a matter of law. Now plaintiff argues that it obtained the right to discharge its wastewater at common law, independent of its water rights. If a contention was not raised in the brief, however, then it is not appropriate to assert it on reconsideration. *Bergman v. Holden,* 122 Or App 257, 260, 857 P2d 217, *rev den* 318 Or 170 (1993) ("Ordinarily, a contention not raised in the original brief will not be considered on reconsideration.").

■ In any event, plaintiff has failed to demonstrate that its new argument is correct. According to plaintiff, the owner of an unpatented mining claim has a right to discharge wastewater into a river of the state without first obtaining a permit from the state to do so. Plaintiff bases that assertion on two opinions: *Harbison v. City of Hillsboro,* 103 Or 257, 204 P 613 (1922), and *Garbarino v. Van Cleave,* 214 Or 554, 330 P2d 28 (1958). Neither opinion stands for the proposition for which it is cited. Both concern the rights of landowners to allow natural drainage flow onto the property of another and the extent to which that natural drainage can be artificially channeled. Neither speaks to the rights of property owners generally, much less to the rights of owners of unpatented mining claims particularly, to discharge wastewater into the waters of the state.

Plaintiff's argument is particularly difficult to understand given its logical implications. If plaintiff has a common-law right to discharge wastewater into the rivers of the state without a permit, then it never needed to apply for

a permit to conduct its mining operation. Plaintiff does not explain—and we do not understand—how it can be a taking of property to deny a permit that plaintiff did not need in the first place.

Petition for reconsideration allowed; opinion adhered to.