Argued and submitted December 21, 1998, reversed and remanded with
instructions January 26, 2000

## VALLEY CREDIT SERVICE, INC.,
### an Oregon corporation,
*Respondent,*

*v.*

### William KELLEY,
*Appellant,*

*and*

### Emelie KELLEY,
*Defendant.*

## (87C-10967; CA A100424)

994 P2d 1229

James D. Vick argued the cause and filed the brief for appellant.

Marcie R. McMinimee argued the cause for respondent. With her on the brief was Douglas, Conroyd & McMinimee, P.C.

Before Landau, Presiding Judge, and Wollheim and Brewer,* Judges.

LANDAU, P. J.

---

* Brewer, J., *vice* Warren, J., retired.

## LANDAU, P. J.

Defendant[1] appeals an order denying a post-judgment claim of exemption from execution on a default judgment. He contends that the trial court erred in permitting plaintiff to satisfy the judgment with funds that defendant had received in settlement of a personal injury claim, because such funds are subject to a statutory exemption. We agree and reverse and remand for entry of an order allowing the claim of exemption.

Plaintiff initiated this action in 1987 for collection of a debt that defendant and his wife had incurred for medical services. A default judgment was entered for the sum of $10,048.55 plus interest.

In 1994, defendant was injured in an automobile accident when the vehicle in which he was a passenger was struck by a vehicle driven by Debra Hamlin. Following the accident, defendant incurred substantial medical expenses, which he did not pay. Some of those medical services were financed by state public assistance. Defendant initiated an action against Hamlin and incurred legal expenses in the process, which he also did not pay.

In 1997, defendant obtained a judgment against Hamlin for $34,251.10. The judgment was to be paid by Hamlin's insurance carrier, State Farm Insurance. By the time of the entry of the judgment, three statutory liens had been filed, one by defendant's lawyer, one by a private hospital that had provided medical services in connection with the 1994 accident, and one by the state Department of Human Services, which also had provided cash assistance in connection with treatment for the accident. The three liens totaled $26,429.62. Meanwhile, still holding an unpaid default judgment for $10,048.55, on April 24, 1997, plaintiff served a writ of garnishment on State Farm, seeking payment of that judgment. State Farm first paid the three statutory liens, which left a balance of $7,821.38. State Farm paid the balance to plaintiff.

---

[1] We refer to defendant William Kelley. Defendant Emelie Kelley is not a party to the appeal.

On August 27, 1997, defendant filed a claim of exemption under ORS 23.160(1)(j)(B), which exempts from execution

"(j)   The debtor's right to receive, or property that is traceable to:

"* * * * *

"(B)   A payment or payments, not to exceed a total of $10,000, on account of personal bodily injury of the debtor * * *[.]"

Plaintiff argued, and the court held, that defendant was not entitled to the $10,000 exemption, because he already had received the benefit of the exemption by the use of the personal injury judgment to pay the statutory liens.

On appeal, defendant argues that the trial court erred in failing to give him the benefit of the exemption provided in ORS 23.160(1)(j)(B). Plaintiff offers two arguments in support of the trial court's decision. First, plaintiff argues that even if ORS 23.160(1)(j)(B) otherwise applied, it does not aid defendant in this case: (1) because defendant filed his claim of exemption more than 30 days after the delivery of the writ of garnishment; and (2) because he received the benefit of the exemption by the prior payment of the statutory liens.

■    We review the trial court's decision for errors of law. *Forsythe v. Homestead Development Corp.*, 142 Or App 45, 50, 919 P2d 537 (1996). We begin with the preliminary issue of the timeliness of defendant's claim. ORS 29.142 sets out the procedure for filing a claim of exemption and provides that such a claim must be filed "[w]ithin 30 days after the writ of garnishment is delivered to the defendant * * *." Plaintiff argues that defendant's claim clearly was untimely, having been filed over four months after the delivery of the writ of garnishment. Defendant replies that plaintiff failed to raise that argument below and is precluded from raising it for the first time on appeal. We agree with defendant.

■    Although a trial court sometimes may be affirmed on alternative grounds not raised below, such "right for the wrong reasons" arguments are cognizable on appeal only so long as there is evidence in the record to support them.

*Kinross Copper Corp. v. State of Oregon*, 160 Or App 513, 520, 981 P2d 833, *on recons* 163 Or App 357, 988 P2d 400 (1999), *rev den* 330 Or 71 (2000). In this case, there is no such evidence. The 30-day deadline for filing a claim of exemption under ORS 29.142 is triggered by the date that plaintiff "delivered to the defendant" a copy of the writ of garnishment. In this case, there is nothing in the record establishing when plaintiff delivered a copy of the writ to *defendant*. We therefore reject plaintiff's argument that the trial court's order may be affirmed on the ground that defendant's claim of exemption was not timely filed.

■    As for the merits of the applicability of the exemption, ORS 23.160(1)(j)(B) exempts from execution "a debtor's right to receive" payments for bodily injury. The trial court held that, because defendant had a right to receive the entire $34,251.10 personal injury judgment, he had already received the benefit of the exemption by the application of $26,429.62 of the judgment to pay the three outstanding statutory liens. The question is whether defendant indeed had a right to receive the entire $34,251.10 personal injury judgment.

In this case, the three statutory liens were not liens on defendant's property generally. Instead, because each arose out of expenses attributable to the 1994 accident, they attached only to the personal injury judgment that resulted. *See* ORS 87.445 (attorney's lien attaches to "actions, suits and proceedings after the commencement thereof, and judgments, decrees, orders and awards entered therein"); ORS 87.555(1) (hospital lien attaches to damages awarded for injury for which debtor was treated); ORS 416.540(1) (state personal injury lien attaches to damages awarded for injury for which debtor received state assistance). Those liens had to be paid before the judgment proceeds could be disbursed to defendant. *See* ORS 87.475(2) (no party can satisfy a judgment until the attorney's fee lien has been satisfied); ORS 87.580 (any insurer with notice of the lien who makes payment to the injured person before satisfying the hospital lien is liable to the hospital for the amount of the lien); ORS 416.580(1) (any person who makes payment to the injured recipient before satisfying the personal injury lien to the state is liable to the state for the amount of the lien).

Defendant, in other words, did not have the right to receive the entire $34,251.10 judgment. He had the right to receive only the amount that remained after satisfaction of the three statutory liens. As a result, the exemption provided in ORS 23.160(1)(j)(B) applied to the $7,821.38 balance remaining after the payment of the statutory liens, and the trial court erred in reaching a contrary conclusion.

Reversed and remanded for entry of order allowing claim of exemption in the amount of $7,821.38.