Argued and submitted March 5, affirmed April 25, 2001

Stanley W. DEUPREE,
Trustee of the Philip W. Deupree Trust U.T.A.D.
November 9, 1999, and Donald Grissom,
*Appellants,*

*v.*

STATE OF OREGON,
acting by and through the
Department of Transportation;
Del Huntington, Russ Hopkins,
Michael Arneson and John Vial,
*Respondents.*

(99-3085-E-2; CA A109725)

22 P3d 773

Robert E. Bluth argued the cause for appellants. With him on the briefs was Bluth & Billin, P.C.

David F. Coursen, Assistant Attorney General, argued the cause for respondents. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Plaintiffs appeal from a summary judgment and judgment on the pleadings in favor of defendants, who are the Oregon Department of Transportation (ODOT) and four ODOT employees. Plaintiffs contend that the trial court erred in dismissing their claims for inverse condemnation and violation of 42 USC § 1983 on the ground that the claims were not ripe and in dismissing their claim under ORS 105.755(2) for damages for loss of access to their property resulting from ODOT changing the grade of an abutting public highway. We affirm.

The material facts, for purposes of defendants' motions, are undisputed. Plaintiffs own real property in Eagle Point. The property is located on the east side and adjacent to State Highway 62 (the highway) near its intersection with Lynn Road. Lynn Road is a public road that provides indirect access to plaintiffs' property from the highway. From the 1960s until 1999, plaintiffs' property enjoyed direct access to the highway by permit at two locations. Plaintiffs also had access to the highway at two additional abutting locations, which were not subject to a permit.

In 1999, ODOT changed the grade of the highway abutting plaintiffs' property from a gradually sloping incline of three to four feet to a steeper incline of approximately eight feet in height. The change occurred as part of a highway widening project, including construction of a median strip, that limited direct access from abutting properties onto the highway. ODOT initiated an administrative proceeding to cancel plaintiffs' permits for direct access to the highway. It held a hearing and issued a final order cancelling the permits. Plaintiffs sought judicial review of that order in this court; the petition for review was pending when judgment was entered in this action.

Plaintiffs' complaint alleged three separate claims for damages: (1) a statutory claim for change of the highway grade, relying on ORS 105.755; (2) a claim for inverse condemnation under the United States and Oregon Constitutions; and (3) a claim under 42 USC § 1983. In each claim, plaintiffs alleged that defendants' conduct resulted in loss of

highway access to their property and caused $1,000,000 in damage, consisting of diminished value of their property and loss of value of the businesses located on the property. Defendants moved for summary judgment and judgment on the pleadings with respect to each of those claims. The trial court granted both motions.[1]

In dismissing plaintiffs' statutory change of grade claim, the trial court concluded that the claim was "really about access. Change of grade and access are different issues." The court reasoned that the exclusive remedy for challenging the denial of highway access was the administrative proceeding then pending on review. The court also dismissed the remaining claims, concluding that they were not ripe "until the administrative case is decided." On appeal from the ensuing judgment, plaintiffs challenge the dismissal of each of their claims.

In reviewing the trial court's summary judgment ruling, we view the record in the light most favorable to plaintiffs, the nonmoving parties, to determine if a genuine issue of material fact exists and if defendants are entitled to judgment as a matter of law. ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997). In reviewing the court's decision to grant judgment on the pleadings, we view the complaint in the light most favorable to plaintiffs to determine whether the complaint, in its entirety, affirmatively shows that plaintiffs have stated no claim for relief. *Wyatt v. Sweitz*, 146 Or App 723, 725, 934 P2d 544 (1997).

We begin with plaintiffs' statutory change of grade claim. ORS 105.755 provides, in part:

"(2) Whenever the Department of Transportation changes the grade of any public road from a previously established or maintained grade, the state shall be liable for and shall pay just and reasonable compensation for any

---

[1] Neither the parties nor the trial court purported to distinguish analytically between the two motions. A motion for judgment on the pleadings tests the legal sufficiency of the pleadings as a whole, and a motion for summary judgment ordinarily relies on evidence beyond the pleadings. *See* ORCP 21 B; ORCP 47; *Humphrey v. Coleman*, 86 Or App 511, 514-15, 739 P2d 1081 (1987). Defendants' motions relied, in part, on evidence beyond the pleadings, which is appropriate in a motion for summary judgment. ORCP 47. We will accommodate the distinctions between the motions in our discussion of the issues relating to each claim.

legal damage or injury to real property abutting upon the public road affected by the grade change; except that the state shall not be liable for any damage or injury for any such change whenever the county has requested the Department of Transportation to make such change.

"* * * * *

"(4)   The trial circuit court shall, in its final judgment, apportion such just compensation as it may award among the various persons found by it to own or have some right, title or interest in such real property. The awarded compensation shall be apportioned according to the rules of law governing the distribution of awards made when real property is taken under the power of eminent domain.

"(5)   The liability of the state terminates wholly when it pays into court the sums determined by the circuit court to be just compensation. Any cause of action granted by this section is barred unless such action is commenced within six months after the change of grade is physically completed and accepted by the Department of Transportation."

In plaintiffs' view, the application of the statute is straightforward: ODOT changed the highway grade, resulting in loss of direct access to plaintiffs' property at four locations. Plaintiffs note that the statute does not require an aggrieved plaintiff to complete judicial review of an administrative decision as a condition to bringing an action under the statute. According to plaintiffs, the trial court erroneously imported a ripeness requirement into the statute that is inconsistent with the subsection (5) requirement that an action be commenced within six months after the change of grade is completed and accepted by ODOT. In any event, plaintiffs observe that only two of the access points were subject to permits. Because the remaining access points were not covered by a permit, plaintiffs contend that their loss is not an issue in the administrative proceeding.

As defendants point out, the only significance plaintiffs' complaint attaches to the change of grade is that it eliminated all direct access to the highway. According to defendants, the alleged diminution in value to the property and businesses is not "legal damage or injury" to the property resulting from the change of grade within the meaning of the statute.

■ We agree with defendants that the decisive issue is whether plaintiffs have alleged and shown that the change of grade has caused legal damage or injury to their property. Unlike "damages," which generally refers to monetary compensation for a loss or harm, the singular form "damage," when used in a statute, normally refers to a loss, injury, or harm resulting from an act or omission. *Sager v. McClenden*, 296 Or 33, 37, 672 P2d 697 (1983). However, "legal damage" is not defined in ORS chapter 105, nor is it a recognized term that has a well-established legal meaning.[2] We therefore look to the ordinary meaning of the adjective "legal" to ascertain the legislature's intent. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993).

■ "Legal" means "conforming to or permitted by law or established rules" or "according to the principles of law." *Webster's Third New Int'l Dictionary*, 1290 (unabridged ed 1993). The phrase "legal damage" therefore does not refer to any newly recognized harm but, rather, refers to harm for which a party may recover based on other existing legal principles. Relief for legal damage caused by a change of grade is payable as "just compensation" that is to be apportioned among those owning the property according to the "rules of law" applicable to eminent domain proceedings. ORS 105.755(2) and (4). Unless prescribed by another source, the legal principles that govern the award of just compensation for state-inflicted injury or harm to private property derive from the Fifth Amendment to the United States Constitution[3] and Article I, section 18, of the Oregon Constitution.[4] Although it is possible for such principles to derive from

---

[2] The only Oregon case of some interest on the subject is *Bowlby v. Shively*, 22 Or 410, 30 P 154 (1892), *aff'd* 152 US 1, 14 S Ct 548, 38 L Ed 331 (1894). The court held that the state may sell its tidelands and that its grantees take them free from any right of the upland owner and subject to the paramount right of navigation belonging to the public. In reaching its decision, the court cited with approval *Gould v. Hudson River Railroad Co.*, 6 NY 522 (1852), in which the court held that an owner of upland along a river had no exclusive riparian rights below the high-water line and, thus, suffered no "legal damage" from a railroad embankment built under a grant by the state that cut off his access to the river. *Bowlby*, 22 Or at 424.

[3] The Fifth Amendment provides that "[n]o person shall * * * be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

[4] Article I, section 18, provides that "[p]rivate property shall not be taken for public use * * * without just compensation * * *."

another source, the parties have identified no plausible alternative in this instance, and we are aware of none.

When the state trespasses on or creates a nuisance affecting private property, Article I, section 18, requires the state to compensate the aggrieved landowner for damages caused by its conduct. *See Gruner v. Lane County*, 96 Or App 694, 697, 773 P2d 815 (1989). Just compensation for damage or injury to property affected by a change of highway grade would include, for example, damages for faulty drainage or the loss of lateral support. *See, e.g., Kropitzer v. City of Portland*, 237 Or 157, 390 P2d 356 (1964) (change in grade allegedly deprived plaintiff's property of lateral support, causing the property to subside). However, an abutting property owner's common-law right to public road access is qualified by the state's inherent power to protect the public safety, convenience, and welfare. *Gruner*, 96 Or App at 697. "Inconvenience, reduction in profits or depreciation in the value of property that occurs as a result of a legitimate exercise of the state's police power is *damnum absque injuria* and not a compensable taking." *Id.* at 697-98. That is, any such damage is *harm without injury in the legal sense*; there is no "legal damage." *Black's Law Dictionary*, 470 (5th ed 1968). Lawful regulatory action by the state does *not* result in legal damage—even if that action interferes with an abutting property owner's access to a highway from the property— unless the "owner is deprived of all substantial beneficial or economically viable use of the property." *Curran v. ODOT*, 151 Or App 781, 784-87, 951 P2d 183 (1997).[5] Where access to private property is retained through another public road, even though that access may be less satisfactory, the loss of direct highway access is not compensable. *Boese v. City of Salem*, 40 Or App 381, 384-85, 595 P2d 822 (1979).

ORS 105.755 refers only to the effects of a change of grade; it does not refer expressly to damage or injury resulting from loss of highway access. Assuming, nevertheless, that such damage or injury falls within the ambit of the statute,

---

[5] In *Curran*, we questioned the state's concession that it was liable for any loss of access *at all* if its interference was for a legitimate highway purpose. *Id.* at 784 n 3. However, we assumed that the concession was well taken for purposes of that case. For the reasons explained herein, we need not resolve that question in this case either.

nothing in its language suggests that the legislature intended to create a remedy for a harm for which a person is not entitled to just compensation under Article I, section 18. Because the statute is framed in terms familiar to the law of eminent domain, it suggests precisely the opposite inference. We therefore conclude that, because plaintiffs have not suffered a loss of all highway access to their property, they have not suffered legal damage or injury giving rise to a right under ORS 105.755.

It is undisputed that ODOT changed the grade of Highway 62 for legitimate regulatory purposes, namely, to widen and improve the highway. It is also undisputed that plaintiffs' property has indirect access to the highway from Linn Road, which is also a public road. Plaintiffs have not alleged or presented evidence that the change of grade deprived them of all highway access to their property. Nor have plaintiffs shown that the change of grade caused any other legal damage or injury. Because the change of grade did not result in legal damage or injury for which plaintiffs are entitled to just compensation, the trial court properly granted summary judgment on plaintiffs' claim under ORS 105.755.

Plaintiffs' claim for inverse condemnation under the United States and Oregon Constitutions fails for similar reasons.[6] As noted, a regulatory taking under Article I, section 18, occurs only where the property owner is deprived of all substantial beneficial or economically viable use of the property. *Curran*, 151 Or App at 787. The same is true of a regulatory taking under the Fifth and Fourteenth Amendments. *See Lucas v. South Carolina Coastal Council*, 505 US 1003, 1014-19, 112 S Ct 2886, 120 L Ed 2d 798 (1992); *Boise Cascade Corp. v. Board of Forestry*, 164 Or App 114, 124-25, 991 P2d 563 (1999). Plaintiffs' complaint alleges only *diminution* in the value of their property as a result of the loss of access to the highway. Therefore, plaintiffs did not allege

---

[6] The trial court decided the motions against the inverse condemnation claim on the basis of ripeness. However, we may affirm on different grounds, as long as there is evidence in the record to support such grounds and they were properly raised in the trial court. *Kinross Copper Corp. v. State of Oregon*, 160 Or App 513, 520, 981 P2d 833, *adhered to on recons* 163 Or App 357, 988 P2d 400 (1999), *rev den* 330 Or 71 (2000). In this case, both requirements are satisfied.

facts sufficient to state a claim for inverse condemnation, and the trial court did not err in granting judgment on the pleadings in favor of defendants on plaintiffs' second claim.

Finally, the trial court properly dismissed plaintiffs' claim under 42 USC § 1983.[7] Section 1983 "is not itself a source of substantive rights" but merely provides "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 US 266, 271, 114 S Ct 807, 127 L Ed 2d 114 (1994); *Baker v. McCollan*, 443 US 137, 144 n 3, 99 S Ct 2689, 61 L Ed 2d 433 (1979). The first step in evaluating any such claim is to identify the specific constitutional right allegedly infringed. *Albright*, 510 US at 271; *Graham v. Conner*, 490 US 386, 394, 109 S Ct 1865, 104 L Ed 2d 443 (1989). Plaintiffs' claim realleged the allegations of the earlier claims and, in addition, alleged that the individual defendants committed various acts aimed at wrongfully depriving plaintiffs of highway access to their property. That claim has, as its foundation, the same theory reflected in plaintiffs' inverse condemnation claim, namely, that plaintiffs were unconstitutionally deprived of their property without just compensation.

As noted, plaintiffs have not alleged sufficient facts to establish that a compensable regulatory taking occurred under the Fifth Amendment, because they have not alleged a deprivation of all economically viable use of their property. *See Lucas*, 505 US at 1014-19. Because plaintiffs did not

---

[7] 42 USC § 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Plaintiffs' claim under section 1983 was brought only against the individual defendants. The state is not a "person" against whom a section 1983 claim may be brought. *Boise Cascade Corp.*, 164 Or App at 120.

allege a compensable taking, they failed to allege a constitutional violation. Therefore, the trial court did not err in granting a judgment on the pleadings in favor of the individual defendants on plaintiffs' section 1983 claim.[8]

Affirmed.

---

[8] For two reasons, we do not adopt the trial court's reasoning that plaintiffs' section 1983 claim is not ripe. First, the trial court did not address the undisputed fact that two of plaintiffs' former direct access points to the highway were not covered by permits and, therefore, were not subject to ODOT's administrative decision. Second, it is also undisputed that ODOT had issued a final order cancelling plaintiffs' permitted direct access rights to the highway when plaintiffs commenced this action. Although review of ODOT's final decision was pending in this court at that time, that review did not prevent plaintiffs' claim from being ripe. *See Nelson v. City of Lake Oswego*, 126 Or App 416, 420, 869 P2d 350 (1994). Nor were plaintiffs required to "exhaust" judicial review of ODOT's decision before filing this action. *Id.*