On respondent Oregon School Activities Association's petition for reconsideration filed March 29, and petitioners' response to petition for reconsideration filed April 5; reconsideration allowed; former opinion (204 Or App 535, 131 P3d 749) adhered to June 28, both petitions for review allowed December 5, 2006 (342 Or 116)

Anthony NAKASHIMA,
Greg Nakashima, Esther Nakashima, Jonny Long,
Lee Long, Sue Long, Loren Larry, Violet Larry,
Josh Linfoot, Becky Harvey, Taylor Lewis,
Carlene Lewis, Andrew Bailey, and Susie Bailey,
*Petitioners,*

*v.*

BOARD OF EDUCATION
and Oregon School Activities Association,
*Respondents.*

581-021-0034-4-00; A123878

138 P3d 854

Jonathan M. Radmacher and McEwen Gisvold, LLP, for petition.

Charles F. Hinkle and ACLU Foundation of Oregon, Inc., for response.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Oregon School Activities Association (OSAA) seeks reconsideration of our decision in *Nakashima v. Board of Education*, 204 Or App 535, 131 P3d 749 (2006), in which we concluded that the Board of Education (board) erred by applying the incorrect legal standard in evaluating whether OSAA could accommodate petitioners without "undue hardship" in scheduling its basketball tournaments so as to avoid requiring petitioners to play on their Sabbath. OSAA's petition is wide ranging, but, in a nutshell, it reduces to four straightforward propositions: (1) we erred in failing to conclude that any accommodation that imposes more than a *de minimis* burden on OSAA is unreasonable; (2) we erred in attempting to determine the meaning of an "undue hardship" standard at all; (3) we erred in failing to conclude that anything other than the proposed *de minimis* hardship standard violates the Establishment Clause of the First Amendment to the United States Constitution; and (4) we erred in failing to conclude that anything other than the proposed *de minimis* hardship standard violates Article I, section 20, of the Oregon Constitution. For the reasons that follow, none of OSAA's contentions is well taken. We therefore adhere to our former decision.

In our opinion, we addressed the meaning of ORS 659.850(2), which prohibits "discrimination" in any public education program, service, school, or interschool activity. 204 Or App at 549-57. We noted that the statute defined "discrimination" as any act that "unreasonably" differentiates treatment. *Id.* at 549. We further noted that, in earlier cases, the courts of this state had determined that, when the Oregon legislature enacted ORS 659.850(2) in 1975, it did so based on concepts that had been developed under federal employment discrimination law up to that time. *Id.* at 549-50. Based on a review of that federal employment law, those prior cases had determined that the Oregon legislature intended that differentiation in treatment is unreasonable if the treatment cannot be accommodated without "undue hardship." The question remained for us to determine in this case what the Oregon legislature most likely intended in

1975 by the "undue hardship" standard. We reviewed pre-1975 federal and state cases, statutes, and regulations and came to the conclusion that it is most likely that the Oregon legislature intended "undue hardship" to refer to a significant expense or difficulty, and not just anything more than a *de minimis* hardship. *Id.* at 551-53.

On reconsideration, OSAA first contends that, for several reasons, we erred in rejecting the *de minimis* hardship standard. OSAA begins by arguing that we erred in limiting our focus to determining what the 1975 legislature most likely would have intended the statute to mean and in "ignoring the unambiguous guidance of federal law" that developed after the enactment of the state statute. It also argues that we erred in evaluating the pre-1975 state of the law.

OSAA's arguments repeat those it advanced in the briefing and that we expressly rejected in our opinion. ORAP 6.25(1)(e) does provide that "[a] claim that the Court of Appeals erred in construing or applying the law" is a permissible ground for a petition for reconsideration. The rule goes on to state, however, that "[c]laims addressing legal issues already argued in the parties' briefs and addressed by the Court of Appeals are disfavored."

■■ The rule stating that repeating unsuccessful arguments on reconsideration is "disfavored" is based not on jurisprudential stubbornness, but on considerations of fairness and economy. Parties already have a fair opportunity to make arguments in the ordinary course of briefing and oral argument. To permit multiple bites at the proverbial apple is unfair to opposing parties, who are obliged to respond, and wastes scarce judicial resources that already have been expended in evaluating the same arguments. We may not have been correct in our evaluation of those arguments; that is what review before the Supreme Court is for. But, unless it can be said that we omitted fair consideration of some aspect of an argument or that we made a mistake about an issue that was not addressed by the parties in their earlier arguments, we encourage parties to take ORAP 6.25(1)(e) seriously and to refrain from filing petitions for reconsideration that consist of little more than repeating failed arguments.

OSAA also contends that we erred in even trying to determine what the legislature most likely understood to be the meaning of "undue hardship." According to OSAA, "the term is not part of the statute" and is thus not the proper focus of our statutory analysis.

■ That is not an argument that OSAA advanced previously, at least not in this judicial review. In fact, the heart of its argument to us was—quoting from OSAA's brief—that "the board correctly concluded that an accommodation would impose an 'undue hardship' if it caused more than a *de minimis* cost or burden to others." OSAA now argues that, contrary to its initial argument, the very notion that ORS 659.850(2) implicates considerations of "undue hardship" is erroneous. That argument comes too late. To begin with, we addressed—and rejected—it in *Montgomery v. Board of Education*, 188 Or App 63, 71-77, 71 P3d 94 (2003). Aside from that, we do not entertain arguments asserted for the first time on reconsideration. *See, e.g., Kinross Copper Corp. v. State of Oregon*, 163 Or App 357, 360, 988 P2d 400 (1999), *rev den*, 330 Or 71 (2000) ("If a contention was not raised in the brief, * * * it is not appropriate to assert it on reconsideration.").

■ OSAA next contends that we erred in failing to conclude that construing "undue hardship" to refer to something more than a *de minimis* hardship runs afoul of the Establishment Clause of the federal constitution. The nature of OSAA's constitutional contention is not entirely clear to us. It seems to us that any constitutional arguments in this case could arise in either of two ways.

First, OSAA could be arguing that the construction that we have adopted raises constitutional issues and therefore, under the avoidance canon, is to be regarded as one that the legislature did not likely intend. We do not understand OSAA to have actually made that argument; it certainly cited no cases concerning the avoidance canon. In any event, the argument is unavailing. The avoidance canon applies only when a statute has been demonstrated to be irremediably ambiguous. *See generally State v. Lanig*, 154 Or App 665, 674, 963 P2d 58 (1998) (explaining rule). OSAA has made no such demonstration in this case. To the contrary, at least as we have understood it, OSAA's argument is that, regardless

of what the legislature may have actually understood or intended in 1975, the statute should be interpreted so as to be consistent with later developments in federal law. We addressed, and rejected, that argument in our previous opinion and will not revisit it now.

Second, OSAA could be mounting, in effect, a challenge to the constitutionality of ORS 659.850, as we have interpreted it. Again, we do not find such an argument expressly stated in any of OSAA's briefing on reconsideration. In any event, the argument would be unavailing, at least at this juncture. To the extent that OSAA's constitutional challenge consists of a facial challenge to the statute as we have construed it, such a challenge would founder against OSAA's burden to demonstrate that the statute cannot be constitutionally applied *under any circumstances*. *MacPherson v. DAS*, 340 Or 117, 139, 130 P3d 308 (2006). OSAA has made no such showing. Moreover, OSAA's argument would run afoul of our conclusion in *Montgomery* that the religious accommodation requirements of Title VII do not violate the Establishment Clause. 188 Or App at 78. To the extent that OSAA argues that requiring it to engage in a *particular* accommodation may result in a violation of the Establishment Clause, such an as-applied argument is premature; depending on the particular accommodations, if any, that are instituted, the issue might not arise.

OSAA also argues that we erred in failing to conclude that construing "undue hardship" to mean anything more than a *de minimis* hardship violates Article I, section 20, of the Oregon Constitution. We reject those arguments for essentially the same reasons that we have rejected its arguments that our construction of the statute violates the Establishment Clause.

Reconsideration allowed; former opinion adhered to.